**Katherine WILSON**

v.

**FISCHER & PORTER COMPANY PENSION PLAN.**

Civ. A. No. 82–3197.

United States District Court, E.D. Pennsylvania.

Nov. 29, 1982.

Neal Goldstein, Philadelphia, Pa., for plaintiff.

Paul R. Lewis, Philadelphia, Pa., for defendant.

**MEMORANDUM OPINION AND ORDER**

WEINER, District Judge.

Plaintiff, a former employee of the Fischer & Porter Company (the "Company"), brings this action under § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendant, Fischer & Porter Company Pension Plan (the "Plan"), is an employee "pension benefit plan" as that term is defined at § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). Presently before the court is defendant's motion for summary judgment based on an arbitration decision. That decision was based on facts identical to those which the plaintiff presents to this court. For the reasons that follow, defendant's motion is granted.

The facts are generally undisputed. Plaintiff was an employee with the defend-

ant Company from September 15, 1942 until she terminated her service on May 6, 1960. She was rehired by the company on October 23, 1963 and retired on June 24, 1981. Plaintiff was a member of the bargaining unit represented by the Independent Union of Rotameter Workers (the "Union").

At the time of plaintiff's retirement a dispute arose as to the proper method of calculating her pension benefits. Plaintiff claims that she is entitled to a pension based on the aggregate number of years she was with the company which is obtained by adding together the 2 periods of time. The Administrative Committee (the "Administrator") of the Plan advised plaintiff that, under the Plan's provisions then in effect, plaintiff was not entitled to pension benefits calculated on the basis of the aggregate of thirty years of service. Rather, the Administrator advised plaintiff, the Plan entitled her to two separate pensions, one for each separate period of employment. This method of calculation resulted in plaintiff receiving $1189 per year less than she would receive under the aggregate method.

Plaintiff alleges that she attempted to exhaust her administrative appeals by requesting reconsideration of her claim. That request was denied. Plaintiff was allegedly advised to submit a grievance pursuant to the terms of the collective bargaining agreement between her Union and the Company. Although she did not submit a grievance, the Union filed a class action grievance challenging the interpretation of the Administrator.[1] The Arbitrator, basing his determination on the facts in plaintiff's claim but explicitly stating that she was not a party to the grievance and had "not waived any rights or remedies that may be available to her outside the context of the collective bargaining agreement between the Union and the Company," found that the Administrator had properly interpreted the Plan. Because this meant that plaintiff had returned to service as a new member of the Plan, she was entitled to the lower calculation.

Three months after the Arbitrator's decision, plaintiff brought this action arguing that defendant had breached its fiduciary duty by failing to calculate her pension benefit entitlement based on her aggregate thirty years of service. In its answer, defendant argues that the Arbitrator's Opinion and Award was final and binding under the collective bargaining agreement. As an affirmative defense defendant rests on the res judicata effect of the Award and moves for summary judgment. Plaintiff argues that in a dispute alleging a breach of fiduciary duty under the provisions of ERISA, an agreement to subject the matter to arbitration is illegal.

Plaintiff relies on *Lewis v. Merrill Lynch, Pierce, Fenner & Smith,* 431 F.Supp. 271 (E.D.Pa.1977). In that case the plaintiff brought a proceeding in federal court regarding his ERISA rights. The defendant moved for a stay of the proceedings pending arbitration pursuant to 9 U.S.C. § 3. *Id.* at 273. The court granted the stay after balancing "the strong competing interests supporting" the Federal Arbitration Act and ERISA. *Id.* at 274. While the opinion is well-reasoned, we believe that a recent Third Circuit Court of Appeals decision requires a finding that the interests supporting the Arbitration Act outweigh those of ERISA.

In *Adams v. Gould, Inc.,* 687 F.2d 27 (3d Cir., 1982), the court was presented with the question whether the plaintiffs in the district court were bound by the results of the arbitration between their employer Gould and their collective bargaining representatives, and therefore barred from bringing an action in district court. *Id.* at 28. The case arose as a result of the final decision of an arbitrator who was presented with the issue of the proper finding of the employee pension plan. Gould had announced it was terminating operations. The Union, Local 416 of the United Auto Workers (UAW), determining that the pension plan was actuarially insufficient to provide full benefit payments to all claimants and retirees, demanded that Gould fully fund the plan. *Id.*

---

[1] In the matter of the Arbitration between Independent Union of Rotameter Workers and Fischer & Porter Company. Case Number 14 30 1330 81 R.

at 29. When Gould refused, the Union filed a grievance under the grievance procedure of the collective bargaining agreement. *Id.* The arbitrator although rejecting the Union's demand for full funding, did require that Gould recalculate its contributions so that benefits could be increased. *Id.* at 29.

The plaintiff-appellees, active employees whose pension benefits had vested, brought an action in district court alleging that First Trust, administrator of the plan, had breached its fiduciary duty in refusing to pay benefits when due. *Id.* at 30. Defendants moved for summary judgment on the ground that the plaintiffs were bound by the arbitration. The district court held that the arbitration was not binding.

The district court certified for appeal the following question: "Whether Plaintiffs are bound by the results of the arbitration between Gould and their collective bargaining representative and thereby barred from this suit." *Id.* at 30. In answering in the affirmative and reversing the order of the district court, the Court of Appeals found that Gould and the Union "referred the matter to arbitration pursuant to a viable collective bargaining agreement." *Id.* at 30. The court relied on "the national policy favoring arbitration of labor disputes." *Id.* at 31. In interpreting the collective bargaining agreement which, in Article XVII, stated that the grievance procedure would be used to resolve "any questions that may arise in the minds of employees," the Court of Appeals finds that "[p]ension matters properly could be included among these questions, as the pension agreement is." *Id.* at 32. The court went further and stated that "the dispute between the UAW and Gould over this pension plan was a classic case for arbitration." *Id.* at 32.

We find the opinion dispositive of the issue before us. The issue was properly made a part of the collective bargaining agreement and the arbitration bars this action. Further, although plaintiff claims to assert her rights under ERISA, the gravamen of her complaint is the interpretation of the Plan and the collective bargaining agreement. Her dissatisfaction with the results of the arbitration before an impartial arbitrator does not give her cause to adjudicate the matter *de novo* before this court.

Plaintiff contends that a holding that she is required to have the matter presented to an arbitrator and is bound by his determination establishes two classes of participants in the Plan. She argues that non-union participants have direct access to the courts and union participants are required to exhaust administrative remedies. This, she argues, establishes different rights among the participants and is another example of the manner in which the defendant has breached its fiduciary responsibilities to the plaintiff. Petitioner's Memorandum of Law at 5, footnote 1. Rather than establishing different rights, this result merely highlights the difference between being represented by a union and not being so represented. Plaintiff does not contend that arbitration cannot adequately adjudicate an issue under the Plan. The procedures adopted under a viable collective bargaining agreement need not parallel procedures uncovered by such an agreement. Because the difference in procedures is not a difference in rights, plaintiff's argument must fail.

Therefore, the issue before us being res judicata, we find that plaintiff is barred from adjudicating the issue presented and is bound by the determination of the arbitrator.